UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SHMUEL STEIN,                                     :
                                                  :
                          Plaintiff,              :          **MEMORANDUM & ORDER**
                                                  :          18-CV-5684 (DLI) (LB)
            -against-                             :
                                                  :
UNITED STATES DEPARTMENT                          :
OF EDUCATION,                                     :
                                                  :
                          Defendant.              :
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Shmuel Stein ("Stein" or "Plaintiff") alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). *See generally*, Am. Compl., Dkt. Entry No. 13. The only claims remaining in this action are those against the United States Department of Education ("DOE" or "Defendant"). Previously, the parties stipulated to, and the Court subsequently ordered, the dismissal of the claims against Trans Union, LLC ("Trans Union") and Great Lakes Educational Loan Services, Inc. ("Great Lakes"). *See*, Dkt. Entry Nos. 32, 52, respectively. The Court also adopted the magistrate judge's *sua sponte* and unopposed Report & and Recommendation recommending dismissal of the claims against Chase Bank USA, N.A. *See*, Dkt. Entry No. 50.

DOE now moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), arguing that Congress has not waived the government's sovereign immunity under the FCRA, and, thus, this Court lacks subject matter jurisdiction to hear this action. Def.'s Mot. to Dismiss, Dkt. Entry No. 53; *See also*, Def.'s Mem. of L. in Supp., Dkt. Entry No. 54; Def.'s Reply Mem., Dkt. Entry No. 56. Plaintiff opposes, arguing the FCRA's text includes a waiver of sovereign immunity, thus

granting this Court subject matter jurisdiction. Pl.'s Mem. of L. in Opp., Dkt. Entry No. 55. For the reasons set forth below, the motion is granted and this action is dismissed.

## BACKGROUND[1]

Stein is the borrower of certain "U.S. Department of Education Loans[,] some of which are serviced by Great Lakes and his Chase Bank account." Am. Compl. ¶ 13. He alleges that Trans Union "prepared and issued credit reports . . . that included inaccurate information" relating to the loans, such as incorrect account balances for multiple loans, incorrect late payment notations, and misstatements of the balances owed. *Id.* ¶¶ 13-16. Plaintiff further alleges DOE "furnished" at least some of the inaccurate information to Trans Union, which "published" it. *Id.* ¶¶ 14-15.

Plaintiff alleges that, on or around April 23, 2018, he notified Trans Union that he was disputing the accuracy of the reported information. *Id.* ¶ 18. He further alleges that Trans Union notified DOE of this dispute, but DOE "failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information" on Plaintiff's consumer report, including the misstated balances and late payment notations. *Id.* ¶¶ 19-21. Plaintiff also alleges that DOE received a "dispute letter" from him but failed to mark the accounts as disputed. *Id.* ¶ 22. Stein contends that DOE continues to report the inaccurate and materially misleading credit data, which harms his credit worthiness and credit score. *Id.* ¶¶ 27-29.

## LEGAL STANDARD

### I.    Subject Matter Jurisdiction

"A plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence." *Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir. 2002) (citing *Makarova v. United*

---

[1] The following facts are taken from the Amended Complaint, which is presumed to be true at this stage. *See*, *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013).

*States*, 201 F.3d 110, 113 (2d Cir. 2000)).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova*, 201 F.3d at 113 (2d Cir. 2000).  When a court lacks subject matter jurisdiction, dismissal is mandatory.  Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

## II.    Sovereign Immunity

It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress."  *Durant, Nichols Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quotation marks and citation omitted).  One such limit is that "[t]he United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued."  *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019).  Therefore, federal courts lack subject matter jurisdiction over suits brought against the United States unless there exists a specific, express waiver of the government's sovereign immunity.  *See*, *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (finding that the United States is immune from suit except as it consents to be sued); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

A waiver of sovereign immunity "must be unequivocally expressed in the statutory text."  *Cooke*, 918 F.3d at 81 (quotation marks and citation omitted).  This is to ensure "that Congress has specifically considered" and "intentionally legislated on the matter" of sovereign immunity, rather than "legislat[ing] on a sensitive topic inadvertently or without due deliberation."  *Sossamon v.*

*Texas*, 563 U.S. 277, 290-91 (2011) (quotation marks omitted).  Implied waivers are not permitted. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The Supreme Court frequently has held that waivers of sovereign immunity are "to be strictly construed, in terms of [their] scope, in favor of the sovereign." *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999).  Moreover, any ambiguity within a waiver must be construed in favor of immunity.  *FAA v. Cooper*, 566 U.S. 284, 290 (2012).  "Ambiguity exists if there is a plausible interpretation of the statute that would not authorize [the relief sought]."  *Id.*

## DISCUSSION

Congress enacted the FCRA in 1970 to protect consumer privacy, prevent consumer harm arising from flaws in the credit reporting system, and promote efficiency in the nation's banking and consumer credit systems.  *See*, *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).  As amended in 1996, the FCRA provides a cause of action against any "person" who willfully or negligently fails to comply with the statute.  *See*, 15 U.S.C. § 1681n (setting forth damages for willful noncompliance); § 1681o (providing damages for negligent noncompliance).  The statute defines a "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." *Id.* at § 1681a(b). The FCRA imposes civil and criminal liability for violations, including fines or imprisonment, or both. *Id.* at § 1681q.  In addition, the 1996 amendments authorized the Federal Trade Commission ("FTC") to seek civil penalties for violations of the statute, and gave enforcement authority to state governments to seek damages from "person[s]" in certain circumstances.  *Id.* at § 1681s.

As a federal agency, DOE enjoys immunity from the present lawsuit, unless Stein can show that the FCRA contains a clear and unambiguous waiver of the government's sovereign immunity. Stein contends that the statute's text contains such a waiver because the statute provides for a cause

4

of action against any "person," the definition of which includes any "government or governmental subdivision."  Pl.'s Mem. of L. in Opp. at 3-4.  Defendant counters that the inclusion of the words "government or governmental subdivision" in the definition of "person" is not sufficiently clear and unequivocal to constitute a waiver of sovereign immunity, and, therefore, this Court does not have subject matter jurisdiction over this case.  Def.'s Mem. of L. in Supp. at 6-10.

The Second Circuit has not ruled on the issue of whether the FCRA contains a waiver of sovereign immunity.  However, two of the three circuits that have considered this issue have concluded that the FCRA does not contain such a waiver.  *See*, *Robinson v.  U.S. Dep't of Educ.*, 917 F.3d 799 (4th Cir. 2019) (holding that FCRA did not unambiguously and unequivocally waive DOE's sovereign immunity); *Daniel v. Nat'l Park Serv.*, 891 F.3d 762 (9th Cir. 2018) (finding FCRA did not clearly waive sovereign immunity from suit); *But see*, *Bormes v. United States*, 759 F.3d 793 (7th Cir. 2014) (concluding FCRA waived government's sovereign immunity as to civil damages).

An examination of FCRA's text supports a finding that it does not contain a waiver of sovereign immunity.  "Statutory construction is a holistic endeavor."  *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60 (2004) (quotation marks and citation omitted).  Thus, the Court must examine the "FCRA as a whole – including the different contexts in which 'person' is used[.]" *Daniel*, 891 F.3d at 769.  There is a "longstanding interpretive presumption that 'person' does not include the sovereign."  *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 780 (2000). "As we have often noted, in common usage, the term 'person' does not include the sovereign, and statutes employing the word are ordinarily construed to exclude it."  *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 82-83 (1991) (quotation marks, citation, and brackets omitted).

Moreover, "statutes waiving sovereign immunity are normally quite clear." *Robinson*, 917 F.3d at 803.  Generally, when Congress intends to include a waiver of sovereign immunity in a statute, Congress includes the words "United States" in the waiver.  *See, e.g.*, Little Tucker Act, 28 U.S.C. § 1346(a)(2) ("The district courts shall have original jurisdiction" over those "civil action[s] or claim[s] against the United States" meeting conditions specified in the statute); Federal Tort Claims Act, 28 U.S.C. § 2674 ("The United States shall be liable" for certain tort claims); *See also*, 12 U.S.C. § 3417(a) ("Any agency or department of the United States . . . is liable to the customer . . . ."); 42 U.S.C. § 9620(a)(1) ("Each department, agency, and instrumentality of the United States . . . shall be subject to . . . liability under section 9607"); 26 U.S.C. § 7433 (waiver describing "United States"); 46 U.S.C. § 30903(a) (same).  The Court recognizes that waivers of sovereign immunity need not contain "magic words." *FAA*, 566 U.S. at 291.  However, the specific mention of the "United States" in a waiver is unambiguous and forecloses any question of Congress' intent to waive the government's sovereign immunity, making it sufficiently clear and unequivocal to constitute a waiver of sovereign immunity.

An examination of FCRA's text reveals that it does not contain a waiver of the government's sovereign immunity.  The purported waiver Plaintiff advances does not contain the words "United States," only the word "person," which includes in its definition the words "government or governmental subdivision or agency[.]"  15 U.S.C. §§ 1681a(b), n.  The lack of specific reference to the United States renders this waiver an impermissible and invalid implied waiver of the government's sovereign immunity.  *Lane*, 518 U.S. at 192.  At best, the purported waiver is ambiguous as to whether it intends waive the government's sovereign immunity, which ambiguity the Court must construe in favor of immunity.  *FAA*, 566 U.S. at 290.  Plaintiff is unable to overcome the presumption that the word "person" does not include the sovereign and, thus,

6

cannot show that the statute's text contains a clear and unambiguous waiver of sovereign immunity.

Significantly, elsewhere in the FCRA, Congress included an express waiver of sovereign immunity containing the words "United States." *See*, *Daniel*, 891 F.3d at 769 (considering "the inclusion of a clear waiver of sovereign immunity in an unrelated provision" of the statute when "[c]onstruing the FCRA as a whole").  Pursuant to that section, "[a]ny agency or department of the United States obtaining or disclosing any consumer reports, records, or information contained therein in violation of this section is liable to the consumer" for damages arising out of the Federal Bureau of Investigation's obtainment or use of that information for authorized national security purposes.  *See*, 15 U.S.C. § 1681u(j).  This inclusion of an express waiver demonstrates that, when Congress intends to include a waiver, it does so expressly.  Notably, the fact that an express waiver is contained in Section 1681u(j) of the statute, is a further indication that Congress did not intend for the statute's general definition of "person" to act as a general waiver of sovereign immunity.

Finally, the Court is "especially reluctant to read 'person' to mean the sovereign where, as here, such a reading is decidedly awkward." *Int'l Primate Prot. League*, 500 U.S. at 83 (internal quotation marks and citation omitted).  If the Court interpreted the provisions of the FCRA as Plaintiff suggests, the United States would be subject to civil and criminal penalties (including fines and imprisonment), as well as enforcement actions by the state and federal regulators, such as the FTC.  15 U.S.C. §§ 1681q, s.  "Because authorizing criminal penalties against governments rather than individuals would be unprecedented, it is highly unlikely that Congress intended to do so obliquely with a broad definition of 'person.'" *Daniel*, 891 F.3d at 770 (quotation marks omitted).  Indeed, Plaintiff's broad "reading of the statute would raise a host of new issues ranging

from the merely befuddling to the truly bizarre." *Robinson*, 917 F.3d at 804.  Such a result could

not have been intended by Congress.

### CONCLUSION

As the FCRA does not contain a clear and unequivocal waiver of sovereign immunity, this

Court is without subject matter jurisdiction to hear this action.  Accordingly, Defendant's motion

is granted, and this case is dismissed.


SO ORDERED.


Dated: Brooklyn, New York
       March 31, 2020

_____
/s/
DORA L. IRIZARRY
United States District Judge
